UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IVAN LEE GALLIANO                                                CIVIL ACTION

VERSUS                                                                  NO. 21-1727

LAFOURCHE PARISH, ET AL.                                  SECTION "R" (5)


# ORDER AND REASONS

Plaintiff Ivan Lee Galliano, an inmate at Lafourche Parish Criminal Complex ("LPCC"), brings this action *pro se* under 42 U.S.C. § 1983,[1] against defendants Lafourche Parish, Lafourche Parish Medical Department, the Federal Emergency Management Agency ("FEMA"), and the Centers for Disease Control and Prevention ("CDC").[2] In his complaint, plaintiff contends that he and other inmates at LPCC became ill with COVID-19, and were denied adequate medical care.[3] He seeks to have a "program set up to oversee jails" during the COVID-19 crisis, the creation of a "new medical department in Lafourche Parish," and two million dollars in damages.[4]

On September 30, 2021, Magistrate Judge Michael B. North issued a Report and Recommendation ("R&R"), recommending that plaintiff's

---

[1]  R. Doc. 1.
[2]  *Id.* at 4.
[3]  *Id.* at 4-5.
[4]  *Id.* at 6.

complaint be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).[5] Specifically, Magistrate Judge North found that plaintiff had not exhausted his administrative remedies, and that, alternatively, his § 1983 claims should be dismissed on the merits.[6]

On October 13, 2021, plaintiff filed objections to the R&R, arguing that his facility's grievance process is inadequate, and broadly reasserting his allegations that he received deficient medical care during a COVID-19 outbreak at his facility.[7]

The Court has reviewed *de novo* the record, the applicable law, and Galliano's objections. For the following reasons, the Court overrules his objections, and dismisses the complaint.

## I.  DISCUSSION

The Court applies *de novo* review to the parts of the R&R to which plaintiff objected. Fed. R. Civ. P. 72(b)(3). The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

---

5   R. Doc. 4.
6   *Id.* at 2-6.
7   R. Doc. 9.

Plaintiff objects to Magistrate Judge North's findings regarding the exhaustion requirement. Under 42 U.S.C. § 1997e, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In his complaint, plaintiff indicates that his facility has a prisoner grievance procedure,[8] and that he did not present the facts relating to this complaint through that procedure.[9] And plaintiff submits no documentation or other evidence indicating that he pursued his complaint through the administrative avenues available to him. The Court finds that plaintiff has failed to show that he has exhausted his administrative remedies, which requires the dismissal of his complaint. As the Fifth Circuit has explained, "[d]istrict courts have no discretion to excuse a prisoner's failure to properly

---

8    R. Doc. 1 at 2.
9    *Id.*

3

exhaust the prison grievance process before filing their complaint. . . . Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam).

In his objections, plaintiff contends that it is unfair that administrative grievances must be sent to the officials with whom the complainant has a grievance.[10] He contends that grievances "may be thrown away," and that an inmate's engagement in the grievance system results in more punishment.[11] Plaintiff also generally suggests that grievances are unlikely to be fruitful.[12] But plaintiff cites no facts and provides no evidence in support of these assertions. His claims amount to mere speculation about the futility of the grievance process, which, even if supported by evidence, does not excuse him from the statutory exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise. . . . Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through

---

[10] R. Doc. 9 at 1-2.
[11] *Id.* at 2-3.
[12] *Id.* at 3 ("What do the Court's [sic] expect the institution to do if the grievances are filed?"); *id.* at 7 ("How can a prisoner present a grievance that was thrown in the trash?").

administrative avenues." (citations omitted)); *Taylor v. Burns*, 371 F. App'x 479, 481 (5th Cir. 2010) ("Even if the relief [plaintiff] sought was unavailable under the grievance procedure or as a result of the way in which his grievance was processed, he is not excused from the exhaustion requirement.").

The Court therefore overrules plaintiff's objections to the finding that he has not exhausted his administrative remedies before filing this federal suit. Because plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), his complaint must be dismissed. *Gonzalez*, 702 F.3d at 788.

Moreover, in addressing the substance of plaintiff's § 1983 claims, Magistrate Judge North found that the claims were meritless because: (i) plaintiff failed to identify an "unconstitutional policy or custom," as required for his claim against Lafourche Parish;[13] (ii) defendant the Lafourche Parish Medical Department is not a "person" under § 1983;[14] and (iii) defendants FEMA and the CDC are not "persons" or state actors operating under color of state law, under § 1983.[15] Plaintiff does not articulate any objections to these findings. Although he reiterates the concerns raised in his complaint, regarding the facility's handling of a

---

[13] R. Doc. 4 at 4.
[14] *Id.* at 4-5.
[15] *Id.* at 5.

5

COVID-19 outbreak, he leaves Magistrate Judge North's legal conclusions as to the merits of his complaint unaddressed. Because this portion of the R&R is not subject to objections, the Court reviews it only for clear error. *Starns*, 524 F.3d at 617. The Court finds no clear error, and adopts this section of the R&R as its opinion.

The Court further finds that plaintiff has not objected to the R&R's conclusions that (i) plaintiff's complaint cannot be construed as a habeas petition, and (ii) plaintiff is not entitled to any mandamus relief.[16] On these issues, the Court again finds no clear error. The Court adopts this section of the R&R as its opinion.

## II. CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __16th__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 5-6.